United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS YAU, | No. C-13-02558 DMR |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STAY [DOCKET NO. 24]** |
| v. | |
| SAINT FRANCIS MEMORIAL HOSPITAL, DIGNITY HEALTH, *et al.*, | |
| Defendants. | |

Before the court is *pro se* Plaintiff Doris Yau's motion to stay these proceedings. [Docket No. 24.] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the December 12, 2013 hearing on the motion. For the following reasons, Plaintiff's motion to stay is denied.

## I. Background

Plaintiff filed this lawsuit against her former employers, Defendants Saint Francis Memorial Hospital and Dignity Health, on June 6, 2013. Plaintiff, who worked as a staff nurse for Defendants, alleges claims for discrimination due to her race and national origin and a claim for retaliation for engaging in protected activities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Plaintiff's claims are based upon a number of incidents, including a six-month ban on working at a certain hospital operated by Defendants. On June 7, 2013, the day after Plaintiff filed the

Complaint, Defendants terminated her employment. (Yau Decl., Oct. 17, 2013, ¶¶ 4-5, Ex. 1.) Plaintiff believes that her termination was an additional act of discrimination and retaliation. (Yau Decl. ¶ 6.) She has filed an EEOC charge regarding her termination but has not moved to amend the Complaint to allege additional claims based upon the termination. (Yau Decl. ¶ 6, Ex. 2.) On October 3, 2013, Plaintiff's union, California Nurses Association, moved Plaintiff's termination to binding arbitration, which is tentatively set for December 10, 2013. (Yau Decl. ¶¶ 7-8, Exs. 3, 4.) On October 17, 2013, Plaintiff moved to stay the proceedings pending the outcome of the arbitration. Defendants oppose the motion. [Docket No. 26.]

## II. Discussion

A district court has discretionary power to stay proceedings in its own court. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, the court must weigh the competing interests that will be affected by the granting or refusal of the stay. *Id*. at 1110 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*. (quoting *CMAX*, 300 F.2d at 268). Furthermore, "[t]he proponent of a stay bears the burden of establishing its need," *Clinton v. Jones,* 520 U.S. 681, 708 (1997) (citing *Landis,* 299 U.S. at 255), and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Lockyer*, 398 F.3d at 1109 (quoting *Landis*, 299 U.S. at 255). "When a request to stay is based on the pendency of arbitration proceedings, the court should grant the stay when the action involves a matter subject to the proceedings, and the action will be impacted as a result of the arbitration." *Luu v. Allstate Ins. Co.*, No. 5:11-cv-01523 EJD, 2011 WL 3360040, at *2 (N.D. Cal. Aug. 3, 2011).

Plaintiff argues that the December 10, 2013 arbitration "would help facilitate resolution of this lawsuit through ADR," and that a stay would "introduce very little delay but much efficiency in the resolution" of this action. (Yau Decl. ¶¶ 13, 14.) However, the incident at issue in the

arbitration is whether Defendants violated the collective bargaining agreement in terminating Plaintiff's employment, whereas Plaintiff's Complaint is based solely upon pre-termination incidents. Therefore, the upcoming arbitration will not resolve any issues in this action. Moreover, even if Plaintiff were to amend the Complaint to include termination-related claims, the arbitration would not resolve any of the issues in this action. Contractual arbitration is an alternative remedy to court enforcement of a federally-protected right; it is not a substitute:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50 (1974); *see also Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 744 (1981) (holding that an "arbitrator's power is both derived from, and limited by, the collective-bargaining agreement . . . [h]is task is limited to construing the meaning of the collective-bargaining agreement so as to effectuate the collective intent of the parties." (citing *Gardner-Denver*, 415 U.S. at 53)). Given the "distinctly separate nature" of Plaintiff's collective bargaining rights and Title VII rights, *Gardner-Denver*, 415 U.S. at 50, a stay pending the arbitration of Plaintiff's termination would not "simplify[] . . . issues, proof, and questions of law." *See Lockyer*, 398 F.3d at 1110. Accordingly, the court concludes that a stay is not warranted.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to stay is denied.

IT IS SO ORDERED.

Dated: December 4, 2013



_____
DONNA M. RYU
United States Magistrate Judge